DECISION AND JUDGMENT ENTRY
{¶ 1} Appellants, David Sowers and Amanda Sowers, each appeal from the Juvenile Division of the Washington County Common Pleas Court's decision and judgment entry terminating their parental rights and responsibilities and placing their children, Sean and Morgan Sowers, in the *Page 2 
permanent custody of the Washington County Children Services Board. Each of the Appellants raises a single assignment of error for our review. Appellant, David Sowers, contends that the trial court erred when it determined that permanent custody of the children should be granted to Washington County Children Services. Appellant, Amanda Sowers, contends that the juvenile court abused its discretion by finding that it was in the best interest of the children to permanently terminate the parental rights of the parents.
 {¶ 2} Because Appellant, David Sowers, challenges a finding not made by the trial court, namely that the children could not be placed with either parent within a reasonable amount of time and therefore should not be placed with either parent, we cannot address Appellant's argument. Accordingly, we find no merit in his sole assignment of error. Further, because we find some competent, credible evidence to support the trial court's award of permanent custody to Washington County Children Services, we cannot conclude that the trial court abused its discretion. Thus, we find no merit in Appellant, Amanda Sowers', sole assignment of error and accordingly, we affirm the decision of the trial court.
 I. Facts *Page 3 {¶ 3} All parties essentially agree on the following facts. Appellants became involved with Washington County Children Services in June of 2004 in connection with a report of uncleanly living conditions in the family's home. In October of 2004, the Washington County Children Services Board, "CSB," filed a complaint alleging that the minor children were neglected and dependent and asking that the children be placed in the temporary custody of CSB. By judgment entry dated November 2, 2004, the children were placed in the temporary custody of CSB.
 {¶ 4} The children remained in the temporary custody of CSB until April 27, 2006, at which time CSB filed a motion for permanent custody. A hearing on the motion for permanent custody was held on September 21, 2006. Appellants received notice and attended the hearing, each testifying regarding their attempts to complete case plan requirements imposed on them by CSB. CSB presented several witnesses as well, which Appellants claim provided testimony favorable to themselves regarding their efforts and the improvements in the living conditions within their home.
 {¶ 5} The trial court issued its decision and entry on October 20, 2006, granting permanent custody of the minor children to CSB. It is from this determination that Appellants now bring their appeals, assigning the following errors for our review. *Page 4 
 II. Assignments of Error {¶ 6} Appellant, David Sowers:
 {¶ 7} "I. THE TRIAL COURT ERRED WHEN IT DETERMINED THAT PERMANENT CUSTODY OF SEAN AND MORGAN SOWERS SHOULD BE GRANTED TO WASHINGTON COUNTY CHILDREN SERVICES." (sic)
 {¶ 8} Appellant, Amanda Sowers:
 {¶ 9} "I. THE JUVENILE COURT ABUSED ITS DISCRETION BY FINDING THAT IT WAS IN THE BEST INTEREST OF THE CHILDREN TO PERMANENTLY TERMINATE THE PARENTAL RIGHTS OF THE PARENTS"
 III. Legal Analysis {¶ 10} We will first address Appellant, David Sowers', assignment of error. In his sole assignment of error, Appellant, David Sowers, contends that the trial court erred when it determined that permanent custody of his children should be granted to Washington County Children Services. In support of his contention, Appellant asserts that "the trial court decided that permanent custody should be granted to the agency due to the fact that the children could not be placed with either parent within a reasonable time and therefore should not be placed with either parent." Appellant cites page one of the trial court's decision and entry for this assertion. However, after reviewing the trial court's decision and entry, we cannot find this language and it does not appear that the trial court made this finding. *Page 5 
 {¶ 11} Rather, the trial court found as follows:
"Based on the evidence, the Court finds by clear and convincing evidence that the children have been in the temporary custody of Washington County Children Services Board for purposes of O.R.C.2151.414(B)(1)(d) since November 2, 2004, when they were adjudicated dependent and neglected, which represents approximately 23 consecutive months. The Court further finds that permanent custody of the children to the agency is in the children's best interest after considering all relevant evidence including but not limited to the factors set forth in O.R.C. 2151.414(D)."
 {¶ 12} Thus, the trial court found that 2151.414(B)(1)(d) applied, rather than 2151.414(B)(1)(a), as Appellant asserts. Appellant does not challenge any of the findings actually made by the trial court and the fact that the children were in the temporary custody of CSB for 23 consecutive months, which was the basis of the court's decision, is not disputed. As such, we conclude that Appellant's sole assignment of error lacks merit. Accordingly, we affirm the decision of the trial court.
 {¶ 13} We next address Appellant, Amanda Sowers', sole assignment of error. Appellant, Amanda Sowers, contends that the juvenile court abused its discretion by finding that it was in the best interest of the children to permanently terminate the parental rights of the parents.
 {¶ 14} Appellant correctly points out that a parent has a "fundamental liberty interest" in the care, custody, and management of his or her child and an "essential" and "basic civil right" to raise his or her children. Santosky v. Kramer (1982), 455 U.S. 745, 753, 102 S.Ct. 1388;In re Murray (1990), *Page 6 52 Ohio St.3d 155, 156, 556 N.E.2d 1169. The parent's rights, however, are not absolute. Rather," `it is plain that the natural rights of a parent * * * are always subject to the ultimate welfare of the child, which is the pole star (sic) or controlling principle to be observed.'" In reCunningham (1979), 59 Ohio St.2d 100, 106, 391 N.E.2d 1034 (quotingIn re. R.J.C. (Fla.App. 1974), 300 So.2d 54, 58). Thus, the state may terminate parental rights when the child's best interests demand such termination.
 {¶ 15} R.C. 2151.413 permits a public children services agency that has temporary custody of a child to file a motion requesting permanent custody of the child. In considering a motion filed pursuant to R.C.2151.413, the trial court must follow the guidelines set forth in R.C.2151.414. RC. 2151.414(A)(1) requires the trial court to hold a hearing regarding the motion for permanent custody. The primary purpose of the hearing is to allow the trial court to determine whether the child's best interests would be served by permanently terminating the parental relationship and by awarding permanent custody to the agency. See R.C.2151.414(A)(1).
 {¶ 16} We note that clear and convincing evidence must exist to support a permanent custody award. The Supreme Court of Ohio has defined "clear and convincing evidence" as follows: "the measure or degree *Page 7 
of proof that will produce in the mind of the trier of fact a firm belief or conviction as to the allegations sought to be established. It is intermediate, being more than a mere preponderance, but not to the extent of such certainty as required beyond a reasonable doubt as in criminal cases. It does not mean clear and unequivocal." In re Estate ofHaynes (1986), 25 Ohio St.3d 101, 103-04, 495 N.E.2d 23; See, also,State v. Schiebel (1990), 55 Ohio St.3d 71, 74, 564 N.E.2d 54.
 {¶ 17} In reviewing whether the lower court's decision was based upon clear and convincing evidence, "a reviewing court will examine the record to determine whether the trier of facts had sufficient evidence before it to satisfy the requisite degree of proof." Schiebel,55 Ohio St.3d at 74. If the lower court's judgment is "supported by some competent, credible evidence going to all the essential elements of the case," a reviewing court may not reverse that judgment. Id.
 {¶ 18} Moreover, "an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusion of law." Id. Issues relating to the credibility of witnesses and the weight to be given the evidence are primarily for the trier of fact. As the court explained in Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 80, *Page 8 461 N.E.2d 1273: "[t]he underlying rationale of giving deference to the findings of the trial court rests with the knowledge that the trial judge is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony."
 {¶ 19} Appellant asserts that the juvenile court abused its discretion by finding that the parents cannot provide the children with an acceptable level of care and a secure permanent placement and essentially asks this Court to review the trial court's determination that the children's best interests dictate that they be placed in the permanent custody of CSB. In support of her assertion, Appellant argues that she had substantially complied with the things that were required of her, that her home was in acceptable condition, that she completed the required parenting classes and that she had undergone a mental health assessment. Appellant asserts that it is in the best interest of the children that they remain with their own parents and that there was no "compelling reason" for the trial court to remove them.
 {¶ 20} R.C. 2151.414(B)(1)(d) provides in part that a court may grant permanent custody to an agency if it is in the child's best interest and "[t]he child has been in the temporary custody of one or more public children services agencies * * * for twelve or more months of a consecutive twenty-two *Page 9 
month period ending on or after March 18, 1999." R.C. 2151.414(D) requires the court to make a finding regarding whether permanent custody is in the child's best interest, and enumerates five factors the court must consider in determining whether it is in a child's best interest to terminate parental rights. Those five factors are as follows:
(1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other persons who may significantly affect the child;
(2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
(3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
(4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
(5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child. See R.C.2151.414(D).
 {¶ 21} Where the juvenile court finds pursuant to R.C.2151.414(B)(1)(d) that the child has been in the temporary custody of one or more public children services agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999, the court need not find that the child cannot be placed with either of the child's parents within a reasonable time or should not be placed with the child's *Page 10 
parents pursuant to R.C. 2151.414(B)(1)(a) and 2151.414(E). This is pertinent, especially in light of David Sowers' argument raised herein.
 {¶ 22} With respect to Amanda Sowers' argument, we conclude that the record contains competent and credible evidence supporting the trial court's conclusion that it is in the best interest of the children to be placed in the permanent custody of CSB. Focusing first on R.C.2151.414(D)(3), it is undisputed that the children had been in the temporary custody of CSB since November 2, 2004, or 23 consecutive months at the time of the permanent custody hearing.
 {¶ 23} Looking next at 2151.414(D)(1), the record reveals that although the children seemed to have positive interaction with the parents when visitation occurred, the parents missed more than 100 of the more than 200 visits with their children that were offered to them through CSB. Additionally, while the parents did complete one round of parenting classes, they failed to complete additional classes that were recommended. Although Amanda Sowers underwent a mental health assessment, as required by the case plan, she failed to follow through on the mental health counseling that was required of her. Similarly, David Sowers failed to complete anger management counseling as required by the case plan. The record also *Page 11 
reveals that the parents have failed to attend Sean's IEP[2] meetings. Further, the children's foster mother testified that the children had become integrated into their foster home and that the children exhibited poor behavior upon returning from visits with their parents.
 {¶ 24} Next, turning our attention to R.C. 2151.414(D)(4), the parents have failed to provide a safe, clean and healthy environment for their children. The parents' home environment, though improved for quite a while, was recently again found in deplorable condition and without electricity by CSB. In fact, it appears that Appellants are being evicted from their current home. Further, after some of the most recent home visits, the children were found to have flea bites and lice once they returned to their foster home. Finally, we conclude that an analysis of the R.C. 2151.414(D)(2) and (5) are unnecessary as they are inapplicable to the facts presently before us.
 {¶ 25} This evidence, combined with the trial court's finding that the children had been in the temporary custody of CSB for twelve or more months of a consecutive twenty-two month period in accordance with R.C.2151.414(B)(1)(d), provide competent, credible evidence to support the trial court's decision. Thus, because the record contains competent, credible *Page 12 
evidence supporting the trial court's determination that the best interests of the children will be served by granting permanent custody to CSB, we cannot conclude that the trial court abused its discretion in reaching its decision. Accordingly, we overrule Appellant, Amanda Sowers', assignment of error and affirm the decision of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellants costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court, Juvenile Division, to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this entry.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Harsha, J. and Abele, J.: Concur in Judgment and Opinion.
Matthew W. McFarland, Presiding Judge
[2] An IEP is an Individualized Education Plan. *Page 1